IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 13-77-LPS |
| ) | |
| VAUGHAN CEPHAS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

On July 23, 2013, a federal grand jury returned a one-count indictment against Vaughan Cephas ("Defendant"), charging him with possession of explosive materials after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 842(i) and 844(a). (D.I. 3) The charges stem from a warrantless search of Defendant's vehicle on July 4, 2013. After Defendant moved to suppress (D.I. 18) approximately 22 Fused FX Simulator Explosives that were seized, as well as statements he made to law enforcement officers,[1] the Court conducted an evidentiary hearing (see D.I. 32 ("Tr.")) and then received post-hearing briefing (see D.I. 31, 33, 34).[2] The Court has jurisdiction pursuant to 18 U.S.C. § 3231 and now DENIES the motion.

### FINDINGS OF FACT

Pursuant to Federal Rule of Criminal Procedure 12(d), the following constitutes this Court's essential findings of fact.

---

[1] Defendant, however, does not present any argument in his briefing related to these alleged statements.

[2] Docket item numbers 33 and 34 appear to be identical with the exception of their titles.

1. On July 4, 2013, at approximately 10:00 p.m., Wilmington Police Department ("WPD") Officer Jesus Caez ("Caez") received a distress call from another WPD patrol unit requesting that he respond to the rear parking lot of the William Hicks Anderson Community Center, near North Madison Street, in Wilmington, Delaware. (Tr. at 5-7)[3] The other WPD unit expressed a belief it was taking mortar fire from unknown individuals. (*Id.* at 7) That is, individuals appeared to be igniting and launching illegal fireworks in the area. (*See id.*) Consequently, Caez reported to the scene and began conducting surveillance around 10:15 p.m. (*Id.* at 9)

2. Officer Caez, who had a flashlight, observed that the area was lit by large floodlights. (*Id.*) Officer Caez noticed a teal green Buick LeSabre parked in the parking lot of the Anderson building. (*Id.* at 7) He saw that the Buick's front windshield was not tinted, although the side and rear windows were tinted. (*Id.*; *see also* D.I. 18 at 1) No one was inside the automobile. (*See* Tr. at 16)

3. Officer Caez approached the automobile and could see through the untinted front windshield into the vehicle, in which he noticed boxes of fireworks. (*Id.* at 11-12) Looking through the front untinted windshield, Officer Caez saw a large quantity of fireworks stacked on top of one another to a height above the front seat headrests in the vehicle's back seating area. (*Id.* at 8) Officer Caez also shined his flash light through the driver's side door window, the driver's side rear window, and the back windshield and, as a result, was able to view the

---

[3]Caez has been a Wilmington Police Officer for more than three years and has patrolled the center city area of Wilmington for about a year and a half. (Tr. at 5-6) Officer Caez was the only witness to testify at the suppression hearing and the Court finds his testimony to be credible.

fireworks up close. (*Id.* at 9) Caez testified: "I looked in through the windshield and I saw large boxes of fireworks, so at that point I took my flashlight and I lit up inside the vehicle and I [saw] a large quantity of fireworks stacked in the rear seat area. They were stacked above the headrest." (*Id.* at 8-9) With the aid of his flashlight, Officer Caez could see fireworks through each of the vehicle's windows. (Tr. at 9) Officer Caez additionally noticed a silver, tubular, mortar style firework, with a wick, packaged in a clear sandwich bag, sticking out from under the driver seat inside the automobile. (*Id.* at 25)

4. Although most of the fireworks were in boxes, Officer Caez knew the boxes contained fireworks as a result of the labels, his prior patrol experiences on Independence Day (a day on which possession and use of fireworks is not uncommon), and from seeing fireworks before. (*Id.* at 12) Officer Caez also observed some type of explosive packaged in a clear sandwich-type bag and sticking out from under the driver's seat, meaning he saw through the windows and directly observed at least one actual firework or explosive device. (*Id.* at 24-25)

5. Another officer moved the Buick to permit inspection by the evidence detection unit. (*Id.* at 21) While the evidence detection unit searched the vehicle and took photographs of its contents (several of which were admitted into evidence at the hearing), Officer Caez transported Defendant to a police station. (*Id.* at 11, 21, 23-24) The evidence obtained from the Buick included explosives and fireworks. (*See* D.I. 31 at 1)

6. Officer Caez was familiar with Defendant before July 4, 2013 and had seen Defendant driving this particular Buick LeSabre, so he associated the vehicle with Cephas. (Tr. at 20) No evidence was introduced as to how and when Cephas was arrested, when he made statements to law enforcement, or what those statements may have been.

## LEGAL STANDARDS

When a defendant challenges the legality of a warrantless search and seizure, the burden is on the government to demonstrate, by a preponderance of the evidence, that it acted lawfully and consistent with a defendant's constitutional rights. *See United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995); *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). "[T]he government bears the burden of proving that a search was reasonable where, as here, that search was conducted absent a warrant." *United States v. Headen*, 264 Fed. Appx. 244, 246 (3d Cir. 2008).

"[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (internal quotation marks omitted); *United States v. Hartwell*. 436 F.3d 174, 177 (3d Cir. 2006). One such exception is the automobile exception, which allows law enforcement to search an automobile without a warrant if "probable cause exists to believe it contains contraband." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *see United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002). The automobile exception may be applied in the absence of exigent circumstances, *see Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999) (stating ready mobility of automobiles permits their search based only on probable cause), and applies whenever a vehicle is "readily capable" or "being used on the highways" and "is found stationary in a place not regularly used for residential purposes," *California v. Carney*, 471 U.S. 386, 392 (1985).

Probable cause exists when the totality of the circumstances reasonably demonstrate that evidence of criminality is contained in the vehicle. *See Dyson*, 527 U.S. at 467. Law

enforcement needs to have an "articulable and particularized" suspicion of criminal activity to justify a search. *See United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006).

It is the Court's responsibility to review the credibility of witnesses and determine the weight to be given to the evidence, as well as the inferences, deductions, and conclusions to be drawn from the evidence. *See United States v. McKneely*, 6 F.3d 1447, 1452-53 (10th Cir. 1993); *United States v. Williams*, 400 F. Supp. 2d 673, 677 (D. Del. 2005).

## DISCUSSION

Defendant contends that the explosives were seized from the Buick in violation of his Fourth Amendment rights and, therefore, should be suppressed. Defendant predicates his motion on the lack of credibility of Officer Caez's testimony, as well as the purported lack of "any nexus" between the reasons police were called to the scene of the search – the alleged setting off of fireworks – and the search conducted of the vehicle. (*See* D.I. 33 at 2-4)

Defendant's arguments are unavailing. The Court found Officer Caez's testimony to be credible. Additionally, the Court agrees with the government that "the evidence adduced at the hearing demonstrates that a police officer on the scene could and did see the fireworks inside the car." (D.I. 31 at 2) This gave Officer Caez probable cause to believe the vehicle contained contraband and evidence of a crime – e.g., possession of fireworks, which (it is undisputed) is a crime in Delaware (*see* Tr. at 13)[4] – and, thus, his search of the Buick came within the automobile exception to the Fourth Amendment's warrant requirement.

Defendant further contends "there is no evidence that this car was readily mobile by

---

[4]*See also* D.I. 31 at 3 (citing Del. Code Ann. tit. 16, § 6901) (making it unlawful to possess firearm without commercial permit).

5

anyone other than the police – who *drove* it from the scene." (D.I. 33 at 5) This argument seems to suggest that exigency is required to justify application of the automobile exception, a contention that has been expressly rejected by the Supreme Court. *See Dyson*, 527 U.S. at 466-67. Additionally, it is unchallenged that Officer Caez had previously seen Defendant operate the Buick, and that fireworks are often used on July 4, making it plausible at the time of the search to have presumed that Defendant might shortly be returning to the vehicle to move it and/or use the fireworks, resulting in destruction or loss of evidence of a crime.

As there was nothing unlawful about the search, and Defendant articulates no independent basis for suppressing his statements, the Court finds no basis to suppress the statements either.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's motion to suppress (D.I. 18) is **DENIED**.

2. A telephone status conference is scheduled to commence on **Tuesday, February 11, 2014** at **4:00 p.m.**, with counsel for the **government** coordinating and initiating the telephone conference to (302) 573-4573.

3. The time between this order and the teleconference shall be excludable under the Speedy Trial Act in the interests of justice, 18 U.S.C. § 3161, *et seq.*

February 3, 2014  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE